# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SS BODY ARMOR I, INC., et al., f/k/a Point Blank Solutions, Inc., et al., | : : : | Bankruptcy Case No. 10-11255 (CSS) |
|              Debtors. | : : | (Jointly Administered) |
| _____ | : | |
| JON JACKS | : : | |
|              Appellant, | : : | |
| v. | : : | C.A. No. 21-895-MN<br>Bankr. BAP No. 21-38 |
| SS BODY ARMOR I, INC., | : : | |
|              Appellee. | : : | |
| _____ | : | |
| JON JACKS | : : | |
|              Appellant, | : : | |
| v. | : : | C.A. No. 21-896-MN<br>Bankr. BAP No. 21-39 |
| SS BODY ARMOR I, INC., | : : | |
|              Appellee. | : : | |
| _____ | : | |
| JON JACKS | : : | |
|              Appellant, | : : | |
| v. | : : | C.A. No. 21-897-MN<br>Bankr. BAP No. 21-40 |
| SS BODY ARMOR I, INC., | : : | |
|              Appellee. | : : | |
| _____ | : | |

| | |
|---|---|
| JON JACKS | : |
| | : |
| Appellant, | : |
| | : |
| v. | : C.A. No. 21-898-MN |
| | : Bankr. BAP No. 21-41 |
| SS BODY ARMOR I, INC., | : |
| | : |
| Appellee. | : |
| _____ | : |

## **RECOMMENDATION**

At Wilmington this **2nd** day of **August, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in these cases are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Prior to the filing of the motions giving rise to the Bankruptcy Court Orders, the Equity Group, the Post-Confirmation Debtor and other parties engaged in a global mediation held by the Honorable Kevin Gross (Ret.), the former Chief Judge of the Bankruptcy Court.  Although some issues were resolved between the Recovery Trust, and Post-Confirmation Debtor during this global mediation, the Recovery Trust and the Post-Confirmation Debtor mediation was unsuccessful.   Thereafter, the parties commenced the contested matters on the issues in dispute, for which the Bankruptcy

Court held hearings on March 24, April 12 and April 15, 2021.  The Honorable Christopher S. Sontchi issued his orders on June 10, 2021, that is, an Order Granting Motion to extend term of Recovery Trust; an Order Denying Motion for Order Removing Estate Fiduciaries for Cause, Requiring Disgorgement of Fees and Related Relief; an Order (i) Approving Settlement with Carter Ledyard & Milburn LLP, (ii) Authorizing Dissolution Protocol, and (iii) Granting Related Relief; and an Order (i) Approving Settlement with Class Plaintiffs and (ii) Granting Related Relief , which resulted in these appeals being filed in this Court by Appellant on June 23, 2021.

Moreover, certain Movants submitted a Motion for entry of an order for their leave to intervene on July 22, 2021.

This judge has reviewed the written information provided by the parties[1], the orders subject to appeal, and certain filings by the parties.  Although Appellant wishes to proceed with mediation, it is very clear that the Appellees do not because of the prior unsuccessful attempts to reach a mediated resolution, the parties' respective positions on the contested matters at issue, and the nature of the pleadings filed by Appellant.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties are advised of their right to file objections to this Recommendation pursuant to

---

[1] As instructed, the parties provided a timely joint submission regarding mediation on July 22, 2021 which is not part of this Court's docket since it deals with aspects of mediation.

28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge